ROBERT J. YORIO (SBN 93178)
yorio@carrferrell.com
ILENE H. GOLDBERG (SBN 168051)
igoldberg@carrferrell.com
CARR & FERRELL LLP
120 Constitution Drive
Menlo Park, California 94025
Telephone: (650) 812-3400
Facsimile:  (650) 812-3444

Attorneys for Plaintiff
INGRID & ISABEL, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID & ISABEL, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BENTIBO, a business organization form, unknown, and JINLIANG QIAN, an individual,<br><br>　　　　　Defendants. | Case No. 18-cv-01856-JCS<br><br>**PLAINTIFF INGRID & ISABEL, LLC'S EX PARTE APPLICATION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE SECTION 4(F)(3)**<br><br>**DATE:  DECEMBER 21, 2018**<br>**TIME:  9:30AM**<br>**DEPT:   COURTROOM G** |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT Plaintiff Ingrid & Isabel, LLC ("Plaintiff") will and hereby does move this Court to issue an Order to Authorize Service on the Defendants' Attorneys pursuant to Fed. R. Civ. P. 4(f)(3), to be heard on December 21, 2018 at 9:30 a.m., in Courtroom G of this Court, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, CA 94102. This Application is made on the grounds that Plaintiff has been unable to serve Defendants Bentibo and Jinliang Qian[1] ("Defendants"), who

---

[1] Jinliang Qian was found to be the owner of the Bentibo trademark, and both Defendants appear to reside in Yiwu, China.

- 1 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

reside in China,  through normal procedures under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). Plaintiff respectfully requests the Court, pursuant to Federal Rules of Civil Procedure Section 4(f)(3), to allow Plaintiff to serve Defendants' attorneys, located in Bellevue, Washington.

This Application is based on this Notice, the attached Memorandum of Points and Authorities, the supporting Declaration and exhibits thereto, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Plaintiff provided notice of this *ex parte* application pursuant to the local rules to Zhihua Josh Han, PhD, JD, via email to Josh@tianip.com and info@tianip.com (the email provided to Plaintiff and which appears on attorney Han's letterhead) and by mail to Josh Zhihua Han Ph.D., J.D., Attorney Tian IP & Technology, LLC, 14150 NE 20th St F1-55, Bellevue, Washington 98007 on November 14, 2018. On November 14, 2018, Plaintiff also mailed notice to Defendants at:

| | |
|---|---|
| Bentibo<br>c/o Jinliang Qian<br>(/correspondent-jinliang-qian-1-1415042)<br>Room 102 Unit 9 Danxi 1 Destrict<br>Yiwu, China | Jinliang Qian<br>(/correspondent-jinliang-qian-1-1415042)<br>Room 102 Unit 9 Danxi 1 Destrict<br>Yiwu, China |

Defendants' telephone number and email address are currently unknown.

Dated:  November 14, 2018

CARR & FERRELL LLP


By: */s/ Robert J. Yorio*
ROBERT J. YORIO
ILENE H. GOLDBERG

Attorneys for Plaintiff
INGRID & ISABEL, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.

### INTRODUCTION

Plaintiff seeks an Order from this Court to allow alternative service on Defendants Bentibo and Jinliang Qian [2] ("Defendants") because Plaintiff has been unable to serve these Chinese Defendants through normal procedures under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). Plaintiff respectfully requests the Court, pursuant to Federal Rules of Civil Procedure Section 4(f)(3), to allow Plaintiff to serve Defendants' attorneys, located in Bellevue, Washington.

## II.

### FACTUAL BACKGROUND

This dispute began in or around June 2017, when Plaintiff noticed Defendants advertising its infringing products on Amazon.com.  Declaration of Ilene H. Goldberg in Support of Ex Parte Application for Order Authorizing Alternative Service on Defendants ("Goldberg Dec.") at ¶ 2.  On or about November 28, 2017, Plaintiff filed a patent infringement report through an automated system with Amazon Brand Registry with Amazon.com, in order to stop the sale of the infringing products being sold by "Bentibo" with ASIN B071XSRWNW on Amazon.com[3].  Goldberg Dec. at ¶ 3.  Amazon.com replied to Plaintiff on November 28, 2017, and when a report is filed with Amazon Brand Registry, a notification is automatically sent to the seller.  Goldberg Dec. at ¶ 4.

On November 30, 2017, attorney Josh Han with the Tian IP firm in Bellevue, Washington (which also employs attorneys in China), responded to Plaintiff's complaints filed with Amazon about ASIN B071XSRWNW, stating they represented "Carla Stancil" (who Plaintiff presumes is an alias for Bentibo), who sold the Maternity Belly Band on Amazon.com, with ASIN

---

[2] Jinliang Qian was found to be the owner of the Bentibo trademark, and both Defendants appear to reside in Yiwu, China.

[3] The infringing products continue to be sold on Amazon.com, now with new ASIN numbers B07FLMBVS6 and B07K23Q47M.

B071XSRWNW, which Plaintiff requested Amazon to remove.  Goldberg Dec. at ¶ 5. Attorney Han sent claim charts to Plaintiff and argued that the accused products did not infringe Plaintiff's patents.  *Id.*

On December 14, 2017, Plaintiff replied to Mr. Han's claim charts, setting forth in detail why and how the Bentibo product infringes Plaintiff's patents. Goldberg Dec. at ¶ 6.

On January 30, 2018, Plaintiff's counsel spoke with Mr. Han to follow up about the infringement claim and Mr. Han said he would contact his client about removing the Bentibo bands from Amazon.  Goldberg Dec. at ¶ 7.

On February 1, 2018, Plaintiff's counsel spoke with Mr. Han again who said that his client was in China, that he had not heard back from his client, and his client had not paid him.  Plaintiff's counsel was unable to obtain any further information thereafter from Mr. Han. Goldberg Dec. at ¶ 8.

Unable to proceed any further with Mr. Han, on March 27, 2018, Plaintiff filed its Complaint in this Court against Defendants for damages arising out of Defendants' infringement of Plaintiff's patents. Plaintiff also alleged claims of unfair competition under Section 43(a) of the Lanham Act and under California statutory and common law. Goldberg Dec. at ¶ 9.

Plaintiff researched Defendants' residence, made diligent attempts to serve Defendants since filing the Complaint, and nothing has been successful.  On April 5, 2018, Plaintiff served a Notice of a Lawsuit and Request to Waive Service of a Summons by mail to Defendants' address in China. Defendants had 60 days to respond, and failed to do so. Goldberg Dec. at ¶ 10.

On or about May 25, 2018, Plaintiff initiated the process of serving Defendants through the Hague Convention.   Plaintiff engaged the services of Judicial Support and sent all service documents to Judicial Support to translate and serve the Defendants in China.   After all the documents were translated, on or about July 30, 2018, Judicial Support paid by wire transfer to The Supreme People's Court of China. On August 21, 2018, Plaintiff sent the service documents by express mail to Defendants. On or about August 31, 2018, the service documents were sent via FedEx to the Chinese Central Authority, with a September 3, 2018 expected delivery date. Goldberg Dec. at ¶ 11.

On October 25, 2018, Plaintiff learned that the Chinese Central Authority returned the service package because in wiring their funds the beneficiary's name on the receipt did not reflect

- 4 -

"The Supreme People's Court of China", instead, it stated "The Supreme People's Court of Chin".  In filling out the wiring documents, the field to insert the beneficiary's name would not allow for the required number of letters to type "The Supreme People's Court of China", even though that is what the Chinese Central Authority required.  The Chinese Central Authority returned the documents even though the monies went into their bank account.  They then refund Plaintiff's account and have requested another wire transfer to "The Supreme People Court of China".  The Chinese Central Authority returned every file Judicial Support sent them for 2018 -- first imposing a new regulation to wire transfer the funds and then returning the files because the "a" was missing from China.  Goldberg Dec. at ¶ 12.

Plaintiff has made diligent attempts to serve Defendants in China, and it appears that Plaintiff may not be able to successfully complete service of process through the Hague Convention without encountering further excuses and delay.  Therefore, Plaintiff respectfully requests the Court to allow Plaintiff to serve Defendants' attorneys in Bellevue, Washington.

### III.

### LEGAL AUTHORITIES AND ARGUMENT

**1.  <u>The Court Can Order Service On Defendants By Any Means That Is Not Prohibited By International Agreement</u>**

Fed. R. Civ. P. 4 (f) addresses the subject of service of process on an individual in a foreign country.  In addition to serving by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention, service may be accomplished "by any other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f) (3). Rule 4 (h) (2) recognizes service upon a corporation in the same manner as Rule 4(f)

Rule 4(f) (3) stands independently of Rule 4(f) (1); it is not necessary for plaintiffs to first attempt service through "internationally agreed means' before turning to "any other means not prohibited by international agreement.  Moreover, court-directed service under Rule 4(f) (3) is as

favored as service available under Rule 4(f) (1) or Rule 4(f) (2). *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). No language in Rules 4(f) (1) or 4(f) (2) indicates their primacy, and certainly Rule 4(f) (3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means. *Id*. 284 F. 3d at 1015. Consequently, Plaintiff should be free to attempt an alternate means of service without even having to show an attempt of service through the Hague Convention, assuming such alternate means does not violate any international agreement.

Even though it is not a prerequisite to allow performing service by another means, Plaintiff has tried diligently to serve Defendants in China, but the Chinese Central Authority is not cooperating with the service provisions set forth in the Convention. Plaintiff has already encountered a 4 month delay in attempting to effectuate service through the Hague Convention. Thus, the facts and circumstances of the present case necessitate this Court's intervention.

## 2. The Court Should Order Service on Defendants' Attorneys in Bellevue, Washington Because It Is Reasonably Calculated To Provide Notice And An Opportunity To Respond.

Plaintiff moves for an order pursuant to Fed. R, Civ. P. 4(f) (3), permitting it to serve the Defendants through their attorneys in Bellevue, Washington (with attorneys who are also located in China.) Through this means of service, the attorneys who have had contact with the Defendants can transmit the relevant documents to them.

The Ninth Circuit confirmed that the "Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." 284 F. 3d at 1017; *see also Chanel, Inc. v. Lin*, 2009 WL 1034627, at *2 (S.D. Fla. April 16, 2009) (noting that a method of service under Rule 4(f) (3) should be calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

Serving Defendants' attorneys is reasonable and the courts have authorized this type of service in the past. *See  Forum Financial Group v. President Fellows of Harvard College*, 173 F. Supp. 2d 72, 92 (D. Me. 2001*); In re Potash Antitrust Litig*., 667 F. Supp. 2d 907, 931 (N.D. Ill. 2009) (directing substituted service on U.S. attorneys retained by Russian defendants); *Brookshire Bros., Ltd. v. Chiquita Brands, Int'l*, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (authorizing service on foreign defendants through local counsel); *U.S. Commodity Futures Trading Com'n v. Aliaga*, 272 F.R.D. at 621 (S.D. Fla. 2011) (authorizing service on an attorney in the United States); *RSM Prod. Corp. v. Fridman*, 2007 WL 2295907, at *6 (S.D.N.Y. Aug. 10, 2007) (authorizing service on the defendant's U.S. counsel); *LG Elecs, Inc. v. Asko Appliances, Inc.*, 2009 WL 1811098, at *4 (D. Del. June 23, 2009) (finding that, pursuant to Rule 4(f) (3), service on an attorney was permissible in light of the regularity of contact between the defendant and his attorney).

Defendants' counsel has indicated that he has had communications with Defendants about the present dispute and counsel also has an office in China.  Service by this means is reasonably calculated, under all the circumstances, to apprise the Defendants of the pendency of the action and afford them an opportunity to respond.

### 3.   The Court Should Order Service on Defendants' Attorneys in Bellevue, Washington Because Such Service is Not Prohibited By International Agreement.

Serving the Defendants through their attorneys does not violate an international agreement.

The Ninth Circuit has held that: As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country. *Rio Properties, Inc., supra,* 284 F.3d at 1014, (citing *Mayoral-Amy v. BHI Corp.,* 180 F.R.D. 456, 459 n. 4 (S.D. Fla. 1998)). "Court-directed service pursuant to Rule 4(f)(3) is

- 7 -

particularly appropriate where a signatory to the Hague Convention has 'refused to cooperate for substantive reasons.'" *In re Potash Antitrust Litig*., *supra,* 667 F. Supp. 2d at 930 citing Fed.R.Civ.P. 4(f)(1) advisory committee's note (1993 Amendments). *In re Potash Antitrust Litig*., *supra,* 667 F. Supp. 2d at 930 citing I*n re LDK Solar Sees. Litig.,* No. C 07-5182, 2008 WL 2415186, \*2, 2008 U.S. Dist. LEXIS 90702, \*6 (N.D.Cal. Jun. 12, 2008) (authorizing an alternative means of service on Chinese defendants without first attempting "potentially fruitless" service through the Hague Convention's Chinese Central Authority)

Here, Plaintiff requests the Court to allow service on Defendants' counsel.  Nothing in the Hague Convention bars the requested means of service.

IV.

**CONCLUSION**

Because Plaintiff has been unable to serve the Defendants in China, the requested form of service is not prohibited by international agreement, and is reasonably calculated to provide notice and an opportunity to respond, Plaintiff respectfully requests the Court to grant the motion authorizing service through Defendants' Washington based attorney.

Dated:  November 14, 2018                                CARR & FERRELL LLP


                                                         By:  */s/ Robert J. Yorio*
                                                         ROBERT J. YORIO
                                                         ILENE H. GOLDBERG

                                                         Attorneys for Plaintiff
                                                         INGRID & ISABEL, LLC